## BILBRAY v. PELICAN NATURAL GAS CO., Inc.

### No. 5033.

Court of Appeal of Louisiana.
Second Circuit.

Oct. 10, 1935.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant.

Olin D. Moore, of Many, for appellee.

MILLS, Judge.

This is a companion suit to that of Felix G. Greer against the same defendant, this

day decided by us (162 So. 431). Both are for damages caused by the escape onto plaintiff's land of salt water and waste oil from the premises of defendant. The present action involves 70 acres located immediately below, and traversed by, the same creek or drain that runs through the Greer place. The circumstances being the same, the establishment of defendant's liability to Greer for actual damage proven, limits the present action to the sole question of quantum. It is stated in the briefs that the learned trial judge allowed in full the items of $200 for trees killed along the creek, and $200 for depreciation of the value of the land.

Whereas in the Greer Case the amount of timber destroyed was definitely determinable, in the present a startling conflict appears in the testimony to this simple question of fact. Plaintiff and his witnesses testify that at the time of the trial all of the trees bordering the creek were either dead or dying from the effects of this salt water. Defendant's witnesses, including several well-qualified experts, say they could find none. As to any definite quantity, the only testimony is that of plaintiff, who says that by actual scaling he found 16,101 feet of merchantable timber of a stumpage value of $6 per thousand, and smaller trees of a sufficient quantity to make up the amount claimed dead or dying. He says that over a strip, bordering on the creek, averaging 100 feet in width, "I see nothing growing. It is as blank as that wall."

At the conclusion of the taking of testimony on December 13, 1934, counsel for defendant, in view of the irreconcilable conflict as to a fact easily ascertainable by inspection, requested that before rendering a decision, the court view the property, which request was denied and judgment immediately pronounced. In June, 1935, defendant moved that the case be remanded and reopened to receive further testimony as to any existing damage to the timber and vegetation. The motion suggests that its true condition is more apparent in the summer than in the winter, when all vegetation seems dead. The motion is supported by affidavits and by photographs showing the creek with its banks covered by abundant vegetation and thick timber in full foliage.

Under the circumstances, we think this statement as to dying timber being merely

an opinion, the motion to remand is reasonable and proper in order that its correctness may be determined.

It is accordingly ordered that the case be remanded and reopened to permit testimony by both sides as to the present condition of the timber and vegetation along Bilbray creek on the property of plaintiff, and the value of any found destroyed.